IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

In the Matter of:                  )
                                   ) Chapter 7
CHERYL LUCRETIA SPRINGS,           ) Case No. 13-10020 (BLS)
                                   ) Civ. No. 13-156-SLR
            Debtor/Appellant.      )

## MEMORANDUM ORDER

At Wilmington this 31st day of January, 2013, having reviewed appellant's

emergency motion to stay pending appeal;

IT IS ORDERED that said motion (D.I. 4) is denied, for the reasons that follow:

1. **Standard of review.** A party moving for a stay pending appeal has the

burden of showing the following four factors:

(1) whether the stay applicant has made a strong showing that [s]he is
likely to succeed on the merits; (2) whether the applicant will be
irreparably injured absent a stay; (3) whether issuance of the stay will
substantially injure the other parties interested in the proceeding; and
(4) where the public interest lies.

*Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991)

(citing *Hilton v. Braunskill*, 481 U.S. 770 (1987); *see also In re Freedom*

*Communications Holdings,* Inc., Civ. No. 09-825, 2009 WL 4506553 (D. Del. Dec. 4,

2009) at *1; In *re Genesis Health Ventures, Inc.,* 367 B.R. 516, 520 (Bankr. D. Del.

2007). No single factor should be considered in isolation; rather, the court must

balance and weigh all relevant factors. *See In re Calabria*, 407 B.R. 671, 678 (Bankr.

W.D. Pa. 2009) ("[F]ailure to satisfy any one of the four factors . . . might not

necessarily be fatal to a motion for stay pending appeal. Rather, to determine whether
a stay pending appeal is warranted, the court is to balance each of the factors at issue
and examine individualized considerations relevant to the case.").

2. **Background.** According to the record, appellant filed for protection under
Chapter 7 of the United States Bankruptcy Code on June 28, 2012. (Bank. No. 12-
11915 (BLS))  The bankruptcy court granted to appellant's landlord relief from the
automatic stay to continue prosecution of eviction proceedings in state court. (*Id.*, D.I.
28)  By order dated December 21, 2012, the bankruptcy court dismissed appellant's
Chapter 7 case. (*Id.*, D.I. 68)

3. Appellant did not appeal from that order, nor did she move for
reconsideration. Instead, appellant filed a second Chapter 7 case on January 7, 2013,
"immediately prior to" when proceedings between appellant and her landlord were to
commence in state court. (D.I. 1, attachment)  Pursuant to a January 8, 2013 order to
show cause why her second bankruptcy case should not be dismissed, appellant
appeared at the January 24, 2013 hearing and argued that the first case should not
have been dismissed and that both the Chapter 7 Trustee and the bankruptcy court
were biased against her. (*Id.*)  By order dated January 28, 2013, the bankruptcy court
dismissed the second bankruptcy case, finding that: (a) appellant was not eligible to be
a debtor under 11 U.S.C. § 109(g)(1); (b) it appeared to the bankruptcy court that "the
sole purpose behind commencing this case was to hinder and frustrate the exercise of
the Landlord's legal remedies;" (c) appellant would have the opportunity to defend the
state court eviction proceeding; and (d) the case was not commenced in good faith

2

within the meaning of 11 U.S.C. § 362(c)(3)(C)(ii).  (*Id.*)

4.  In her emergency motion to stay, appellant argues that the dismissal of her second bankruptcy case will cause her and her family irreparable hardship due to the eviction proceeding because she does not presently have the financial means to move her family during the appeal.  (D.I. 4)  Other than representing that she and her family will become homeless,[1] appellant does not provide any information about when the eviction proceedings might conclude, what legal remedies are still available (or not) to her in state court, or how she might prevail on the merits of her appeal.  Appellant essentially concedes that she has sought relief twice from the bankruptcy court to forestall the eviction proceedings.  (D.I. 1, 4)  Appellant has had months to prepare for this event; the court declines to stay such proceedings pending appeal without a legal reason for doing so.

5.  **Conclusion.**  For the reasons stated, the emergency motion to stay is denied.

United States District Judge

---

[1]Certainly a serious matter.

3